IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ANDRELL SANDERS, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION |
| | : FILE NUMBER_____ |
| MILLER COUNTY SCHOOL DISTRICT | : |
| and SHANE MILLER IN HIS FORMER | : |
| OFFICIAL CAPACITY AS | : |
| SUPERINTENDENT OF THE MILLER | : |
| COUNTY SCHOOL DISTRICT | : **JURY TRIAL DEMANDED** |
| AND AS AN INDIVIDUAL | : |
| Defendants. | : |

## **PLAINTIFF'S COMPLAINT**

COMES NOW Plaintiff, by and through her attorney, and shows this Honorable Court the following:

I.

## **JURISDICTION AND VENUE**

1.

This action is brought pursuant to Title VII of Civil Rights Act of 1964, codified at 42 U.S.C. § 2000-e ("Title VII"), the Civil Rights Act of 1866, codified at 42 U.S.C. § 1981 ("§ 1981"), 42 U.S.C. § 1981 brought pursuant to 42 U.S.C. § 1983, all as amended by the Civil Rights Act of 1991, and 42 U.S.C. § 1983 ("§ 1983") for violations of the equal protection clause of Fourteenth Amendment to the United States Constitution to redress Plaintiff's rights to be free from race and sex discrimination and retaliation under the United States Constitution, the

1

Constitution of the State of Georgia, and Georgia state law. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

2.

Venue lies in this Court under 28 U.S.C. § 1391(b) and this cause resides in the Albany Division of this Court because a party to this action resides within the boundaries of this judicial district. Moreover, the unlawful employment practices alleged below were committed in the Middle District of the State of Georgia.

II.

**PARTIES**

3.

Plaintiff, Andrell Sanders, is a black female at all times relevant to this Complaint and is a resident of the Middle District of Georgia residing in Leesburg, Lee County, Georgia. Plaintiff was at all times relevant hereto, an employee of the Miller County School District.

4.

At all times relevant to this Complaint, Defendant Miller County School District, (hereinafter **"MCSD"**) was a school district in the State of Georgia with an address listed as 96 Perry Street, Colquitt, Georgia 39837 located in the Middle District of Georgia. This school system is located in, and the

school system is doing business, within this judicial district. At all times relevant to this complaint, the **MCSD** has employed in excess of 15 employees.

5.

The Defendant **MCSD** is liable for constitutional deprivations pursuant to governmental custom, policy, or practice whether written or unwritten. <u>Monell v. New York Dept. of Social Services</u>, 436 U.S.C. 658 (1978). The Defendant **MCSD** is also liable for the misconduct, inadequate training, failure to train, negligent hiring, negligent retention and negligent supervision of its employees.

6.

At all times relevant to this Complaint, Defendant Shane Miller, (hereinafter **"Miller"**) was the superintendent of the Miller County School District in the State of Georgia with an address listed as 96 Perry Street, Colquitt, Georgia 39837, and residing within this judicial district. He failed to adequately train and supervise certain school district personnel, including those who participated in the discrimination and the retaliation against Plaintiff for engaging in protected activity. At all times relevant hereto, **Miller** and all other school district employees, were acting under the color of state law. **Miller** is being sued in both his individual and official capacities. He participated in the discrimination against Plaintiff; the

3

harassment and retaliation against Plaintiff for engaging in protected activity; and he made the decision to terminate Plaintiff's employment.

III.

**GENERAL ALLEGATIONS**

7.

Plaintiff began was employed with the defendant **MCSD** on or about January 2, 2020, as the Chief Financial Officer for the MCSD. At the time that Plaintiff was hired, Plaintiff was the first black person to work in the position of Chief Operating Officer. Prior to the discrimination, retaliation, and harassment against her, Plaintiff had always performed her duties in a satisfactory manner.

8.

During her employment, Plaintiff never received any employment reprimands, and Plaintiff was never placed on a performance development plan. Prior to her termination, Plaintiff did not have anything in her personnel file that would indicate that there were any concerns regarding Plaintiff's work performance or Plaintiff's attendance at work.

9.

On or around July 22, 2022, when the superintendent informed Plaintiff of her termination, he did not provide Plaintiff the reason for her termination. At this same time, Plaintiff

questioned why she was being terminated or what did she do to justify her termination. However, the superintendent did not make a recommendation to the board of education to terminate Plaintiff's employment until July 25, 2022.

10.

The superintendent told Plaintiff at this time that he did not feel right about this termination. The superintendent did not provide Plaintiff with the reason for her termination. **Miller** told Plaintiff that he had to get with the board about the reason for Plaintiff's termination.

11.

However, Miller made the recommendation to terminate Plaintiff's employment. Thereafter, Miller signed the separation notice that was provided to Plaintiff and the separation notice listed the reason for Plaintiff's termination s "Employee was terminated by the board of education."

12.

Prior to her termination, Plaintiff complained of discrimination to the defendant Miller. Plaintiff also complained of discrimination to the only black member of the board of education. On or about May 16 and May 17, 2022, Plaintiff met with the Human Resources Director about filing an official complaint and/or grievance. The Human Resources Director advised Plaintiff that the defendants did not have an official grievance

5

process.Thus, the only option Plaintiff had as a classified employee was to go back and complain to Miller, which she had already done.

13.

Thus, at the time she was terminated, Plaintiff was not provided a reason for her termination. After Plaintiff was terminated, Plaintiff was replaced by a white female. The white female who replaced Plaintiff was paid for her overtime but Plaintiff was not paid for overtime during her employment with the MCSD. This white female, and other white employees were treated more favorably than Plaintiff. A white female with lesser experience and lesser qualifications than Plaintiff was awarded Plaintiff's position on a permanent basis.

14.

Plaintiff was treated differently from white employees in the terms and conditions of her employment. Plaintiff was denied training. Plaintiff was otherwise subjected to a hostile work environment. The defendants made attempts to diminish Plaintiff's authority, and Plaintiff's authority was openly challenged by white employees. Plaintiff complained about this treatment by white employees and her complaints were not addressed. As a matter of fact, one employee stated that Plaintiff could "Kiss her fat ass".

15.

Prior to, and after, the occurrence of the events in this lawsuit, Plaintiff had complained about the discriminatory practices and policies of defendants, and according to the policies and procedures of defendants, Plaintiff was not supposed to be subjected to any harassment and/or retaliation for utilizing defendants' policies and procedures. Plaintiff had discussed the discriminatory treatment and harassment with her supervisors at **the MCSD.**

16.

Plaintiff did not quit even after the discrimination and retaliation against her. The discrimination and retaliation against Plaintiff continued and eventually Plaintiff was terminated. Plaintiff was terminated on July 22, 2022. The only black board of education member stated that Plaintiff was terminated because she was black and because of the manner Plaintiff talked back to white people.

17.

This board member, Leroy Bush, made a statement to the effect that they, meaning the MCSD, did not do Plaintiff right. Leroy Bush also stated that he was trying to teach Plaintiff how to be black in Miller County. Additionally, Leroy Bush stated words to the effect that he told Plaintiff that the "crackers" were going to run Plaintiff off. Leroy Bush also stated words to

the effect that in Colquitt, you cannot tell "crackers" what to do, you have to show them.

18.

But for the fact of Plaintiff's status as a black female, Plaintiff would not have been terminated and then retaliated against, and Plaintiff would not have been subject to such harassment. The defendants' actions in subjecting Plaintiff to race and sex discrimination and retaliation constitute unlawful discrimination in violation of Title VII, § 1981, and § 1983.

19.

This unwelcomed race discrimination against Plaintiff unreasonably interfered with Plaintiff's right to enter into a contract, affected the terms, conditions and privileges of her employment and further created a hostile, abusive, offensive and intolerable working environment for her.

20.

As of the date of this Complaint, Plaintiff had not been reinstated to her former position of employment.

21.

At all times relevant to this Complaint, **Miller** and other employees of **MCSD,** were the alter-egos of Defendant **MCSD** and, as such, **MCSD** had actual and/or constructive knowledge of the unlawful race and sex discrimination and retaliation perpetrated upon Plaintiff.

22.

**Miller** did not take sufficient action to formulate and implement policies to prevent discrimination against the class of persons to whom Plaintiff belongs.

23.

As such, by failing or refusing to formulate and implement policies to prevent said discrimination, the **MCSD** created and perpetuated a <u>de facto</u> policy of allowing, condoning, and ratifying such unlawful and discriminatory conduct in the workplace, and in so doing, acted with malice or reckless indifference to Plaintiff's federally protected rights.

24.

The defendants' reasons for harassing, retaliating against, and terminating Plaintiff's employment were purely pretextual and otherwise discriminatory in nature.

25.

On December 6, 2022, Plaintiff filed an Employment Discrimination Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") referencing race and sex discrimination and retaliation in employment. A true and correct copy is attached hereto as Exhibit "A".

26.

The Equal Employment Opportunity Commission ("EEOC"), has not filed a civil action with respect to Plaintiff's charge, nor

has the EEOC entered into a conciliation agreement with the parties hereto. On August 15, 2022, the EEOC issued a Notice of Right to Sue, which Notice was received by Plaintiff after August 15, 2023, authorizing Plaintiff to proceed with a civil action. A true and correct copy is attached hereto as Exhibit "B" of this Complaint.

## COUNT I

27.

The defendants' actions in subjecting Plaintiff to race and sex discrimination and retaliation constitute unlawful discrimination in violation of Title VII. This claim is brought against the **MCSD** as there is no individual liability under Title VII although the **MCSD** is responsible for the acts and/or omissions of its employees.

## COUNT II

28.

The defendants' actions in subjecting Plaintiff to race discrimination and retaliation constitute unlawful intentional discrimination in the making and enforcement of a contract in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1981 brought pursuant to 42 U.S.C. § 1983. This claim is brought against the defendants the **MCSD** and **Miller** in his official capacity as an employee of the **MCSD** and as an individual.

29.

As a result of the unlawful actions of the defendants, Plaintiff has suffered emotional pain, mental distress, inconvenience, mental anguish, loss of enjoyment of life, loss of income, and benefits of employment. Defendants have acted with actual malice and the intent to harm Plaintiff.

30.

As a direct and proximate result of the **MCSD's** and **Miller's** knowledge, condonation, and ratification of its race and sex discrimination and retaliation against Plaintiff, Plaintiff has lost past and future wages and benefits and has otherwise suffered mental anguish, emotional harm and distress, humiliation, embarrassment and physical discomfort.

31.

Upon information and belief, the aforesaid customs, policies, practices, and systemic deficiencies of the **MCSD** arose through the conscious decisions and/or deliberate indifference of the MCSD and the policy makers and final decision-makers, including but not limited to, **Miller**.

**COUNT III**

32.

The defendants' actions in subjecting Plaintiff to race and sex discrimination and retaliation under the color of state law constitute intentional discrimination in violation of the equal

protection clause of Fourteenth Amendment to the United States Constitution which may be remedied through 42 U.S.C. § 1983 brought pursuant to 42 U.S.C. § 1983 to redress Plaintiff's rights to be free from race and sex discrimination and retaliation under the United States Constitution. This claim is brought against the defendants the **MCSD** and **Miller** in his official capacity as an employee of the **MCSD** and as an individual.

33.

The defendants have wilfully and wantonly disregarded Plaintiff's rights, and the defendants' actions against Plaintiff were undertaken in bad faith.

34.

As a result of the unlawful actions of the defendants, Plaintiff has suffered emotional pain, mental distress, inconvenience, mental anguish, loss of enjoyment of life, loss of income, and benefits of employment.

**COUNT IV**

35.

The defendants' actions in discriminating and retaliating against Plaintiff violated Plaintiff's constitutional rights under the equal protection and due process clauses of the Constitution of the State of Georgia. The defendants treated Plaintiff differently from similarly situated white employees.

This claim is brought against the defendants the **MCSD** and **Miller** in his official capacity as an employee of **MCSD** and as an individual.

## COUNT V

36.

**Miller** and the other employees of the MCSD's actions in interfering with Plaintiff's employment relationship constitute tortious interference with employment relationship under Georgia law. The defendant the **MCSD** is responsible for the acts and/or omissions of its employees through the doctrine of respondeat superior under Georgia law. This claim is brought against the defendants the **MCSD** and **Miller** in his official capacity as an employee of **MCSD** and as an individual.

## COUNT VI

37.

The defendants knew or should have reasonably known that as a result of the aforementioned egregious and outrageous conduct Plaintiff would be subjected to severe mental and emotional distress, pain and suffering. The defendants acted intentionally, wilfully, maliciously and purposely, with the intention to inflict emotional distress upon Plaintiff, or with reckless disregard of the probability of causing Plaintiff emotional distress. This claim is brought against the defendants **MCSD** and **Miller** in his official capacity as an employee of **MCSD** and as an

individual.

38.

The aforementioned conduct of the defendants constitutes intentional infliction of emotional distress, and as a result of these acts, Plaintiff has suffered severe and grievous emotional distress, anxiety, nervousness, humiliation, pain and suffering, and physical manifestations thereof. By intentionally inflicting emotional distress upon Plaintiff, Miller has violated Georgia law, and is liable to Plaintiff for compensatory damages, damages for pain and suffering, and punitive damages. The defendant the MCSD is responsible for the acts and/or omissions of its employees through the doctrine of respondeat superior under Georgia law.

### **COUNT VII**

39.

Plaintiff is requesting prospective injunctive relief for 2022, 2023, and each year thereafter. Plaintiff is requesting prospective injunctive relief for each such year for reinstatement and the salary and benefits that she has lost for each such year. This claim is brought against the defendants **MCSD** and **Miller** in his official capacity as an employee of **MCSD** and as an individual.

40.

The MCSD and Miller are liable to Plaintiff for compensatory

damages and attorney's fees under 42 U.S.C. § 1983, 42 U.S.C. § 1988, and 42 U.S.C. § 2000-e, for causing Plaintiff to be deprived of her federal constitutional rights.

WHEREFORE, Plaintiff demands judgment against the defendants for back pay, front pay, lost employment benefits, compensatory damages, punitive damages, attorney's fees and costs and other such relief as this Court deems just and equitable.

WHEREFORE, Plaintiff demands a TRIAL BY JURY and prays that this Honorable Court:

a) adjudge the defendants to have engaged in unlawful employment discrimination and retaliation in violation of Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983;

b) adjudge the defendants to have engaged in employment discrimination and retaliation in the making and enforcing of contracts in violation of § 1981;

c) award Plaintiff compensatory damages for the violation of her statutory and constitutional rights, employment relationship constitute tortious interference with employment relationship, and intentional infliction of emotional stress in an amount to be determined by the enlightened conscience of the jury, including damages for loss of income, emotional distress, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

d) award Plaintiff punitive damages for the unlawful

intentional discrimination against her and to deter the conduct of the defendants pursuant to federal and state law punitive damages statutes;

 e) reinstate Plaintiff to her former position and award Plaintiff prospective injunctive relief to include reinstatement to her former position and the salary and the benefits that she lost as a result of the discrimination against her;

 f) award Plaintiff costs of this action and her reasonable attorneys' fees under 42 U.S.C. § 1988 and 42 U.S.C. § 2000-e, including interim and final attorney's fees;

 g) award Plaintiff injunctive relief to prevent defendants from discriminating against her, and retaliating against her; and

 h) award Plaintiff such further relief, equitable or legal, that this Court may deem just and proper.

  This the 6th day of November, 2023.

  RESPECTFULLY SUBMITTED,

  THE LAW OFFICES OF MAURICE LUTHER KING, JR., P.C.

  BY: /s/Maurice Luther King, Jr.
   MAURICE LUTHER KING, JR.
   ATTORNEY FOR PLAINTIFF
   STATE BAR NO. 421145
   mauricek6@aol.com

POST OFFICE BOX 72071
ALBANY, GEORGIA 31708-2071
(229) 639-0619