IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

ANDRELL SANDERS,                       :
                                       :
         Plaintiff,                    :
                                       :
v.                                     :        CASE NO.: 1:23-CV-192 (LAG)
                                       :
MILLER COUNTY SCHOOL                   :
DISTRICT, *et al.*,                    :
                                       :
         Defendants.                   :
                                       :

## ORDER

Before the Court are Defendants Shane Miller's and Miller County School District's Motion to Stay Proceedings During Pendency of Fed. R. Civ. P. 12(b)(6) Motions to Dismiss (Motion to Stay) (Doc. 10), Plaintiff's Motion to Defer Ruling on the Defendant Miller County School District's Partial Motion to Dismiss Until Discovery is Completed (First Motion to Defer) (Doc. 13), and Plaintiff's Motion to Defer Ruling on the Defendant Shane Miller's Motion to Dismiss Until Discovery is Completed (Second Motion to Defer) (Doc. 14). For the reasons stated below, Defendants' Motion to Stay (Doc. 10) is **GRANTED**. Plaintiff's Motions to Defer (Docs. 13, 14) are **DENIED**.

## BACKGROUND

This suit arises from alleged discrimination, retaliation, harassment, and hostile work environment during Plaintiff Andrell Sanders' employment with Defendant Miller County School District (MCSD). (Doc. 1 ¶¶ 6–7, 14–16). On or about January 2, 2020, Plaintiff, a Black female, began her employment with Defendant MCSD as its Chief Financial Officer.[1]  (*Id.* ¶¶ 3, 7). Plaintiff alleges that throughout her employment,

---

[1]      In the Complaint, Plaintiff states that she worked for Defendant MCSD as its Chief Financial Officer. (Doc. 1 ¶ 7). In the same paragraph, Plaintiff states that she worked for Defendant MCSD as its Chief Operating Officer. (*Id.*). In Defendants' Motions to Dismiss, both refer to Plaintiff as the Chief Financial Officer. (Doc. 8 at 1; Doc. 9 at 1). Accordingly, the Court refers to Plaintiff as Defendant MCSD's former Chief Financial Officer.

"[D]efendants made attempts to diminish Plaintiff's authority, and Plaintiff's authority was openly challenged by white employees." (*Id.* ¶ 14). Plaintiff also generally alleges that she faced "discrimination and retaliation against her" throughout her employment. (*Id.* ¶¶ 15–16). Plaintiff further alleges that she was terminated on July 22, 2022, without reason and replaced by a white female. (*Id.* ¶¶ 13, 16). Plaintiff raises claims for the following:

(1) race and sex discrimination and retaliation in violation of Title VII against Defendant MCSD;

(2) retaliation and "unlawful intentional discrimination in the making and enforcement of a contract" in violation of 42 U.S.C. §§ 1981 and 1983 against Defendant MCSD and Defendant Miller in his official and individual capacities;

(3) race and sex discrimination and retaliation in violation of the Equal Protection Clause of the Fourteenth Amendment through 42 U.S.C. § 1983 against Defendant MCSD and Defendant Miller in his official and individual capacities;

(4) discrimination and retaliation in violation of the Equal Protection and Due Process Clauses of the Constitution of the State of Georgia against Defendant MCSD and Defendant Miller in his official and individual capacities;

(5) tortious interference with employment relationship in violation of Georgia law against Defendant MCSD through the doctrine of respondeat superior and against Defendant Miller in his official and independent capacities;

(6) intentional infliction of emotional distress in violation of Georgia Law against Defendant MCSD through the doctrine of respondeat superior and against Defendant Miller in his official and independent capacities; and

(7) "prospective injunctive relief for 2022, 2023, and each year thereafter . . . for reinstatement and the salary and benefits that [Plaintiff] has lost for each such year" against Defendants MCSD and Defendant Miller in his official and individual capacities.

(*Id.* ¶¶ 27–39). Plaintiff seeks compensatory damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 and 42 U.S.C. § 2000-e. (*Id.* ¶ 40). Plaintiff also seeks "back pay,

front pay, lost employment benefits, . . . punitive damages," and reinstatement to her former position. (*Id.* at 15–16).

Plaintiff filed the Complaint on November 6, 2023 (Doc. 1). On April 22, 2024, Defendants filed their respective Motions to Dismiss. (Docs. 8. 9). On May 1, 2024, Defendants filed their collective Motion to Stay. (Doc. 10). Plaintiff filed a Response to the Motion to Stay on May 24, 2024 (Doc. 17), and Defendants filed a Reply on June 6, 2024 (Doc. 21).[2] On May 8, 2024, Plaintiff filed the First and Second Motions to Defer (Docs. 13, 14). Defendants filed a Response on May 16, 2024 (Doc. 15), and Plaintiff did not file a Reply. (*See* Docket). The Motions are ripe for review. *See* M.D. Ga. L.R. 7.2, 7.3.1A.

## DISCUSSION

### I.    Defendants' Motion to Stay

Defendants move to stay "all discovery, including planning conferences[,] the filing of the Proposed Scheduling and Discovery Order . . . , and the filing of Initial Disclosures" until resolution of Defendants' respective Motions to Dismiss. (Doc. 10 at 1 n.1). In her Response, Plaintiff seeks to incorporate her First and Second Motions to Defer and restates the arguments set forth in her Motions to Defer. (Doc. 17 at 1). Plaintiff further argues that Defendants "have not, and cannot, show good cause for a [M]otion to [S]tay" because "Plaintiff is entitled to discovery in this matter." (*Id.* at 3). In their Reply, Defendants argue that "where both Defendants have raised immunity as a defense and . . . all but one claim for relief is subject to dismissal (whether on immunity grounds or for failure to state a claim), a stay is warranted." (Doc. 21 at 1).

---

[2]    On May 24, 2024, Defendants filed a Notice Regarding Defendants' Motion to Stay, "provid[ing] notice to this Court that their Motion to Stay . . . , filed and served May 1, 2024, [was] pending without an opposition or response filed by Plaintiff." (Doc. 16). On the same day, Plaintiff filed an Objection and Response to Defendants' Motion to Stay, arguing that "[D]efendants have miscalculated the date on which Plaintiff's [R]esponse to their [M]otion to [S]tay is due" and that "Plaintiff's [R]esponse is not due until May 28, 2024 based on the applicable rules." (Doc. 17 at 2). Pursuant to Local Rule 7.2, "[a] party desiring to submit a response, brief, or affidavits shall serve the same within twenty-one (21) days after service of movant's motion and brief." As Defendants filed and served the Motion to Stay on May 1, 2024, Plaintiff's Response was due on May 22, 2024, and the Response was untimely. (*See* Doc. 10 at 5); M.D. Ga. L. R. 7.2, 6.3; Fed. R. Civ. P. 6(a)(1). The Court will, in its discretion, consider the untimely Response and Defendants' Reply filed on June 6, 2024.

A district court has broad discretion in regulating discovery. *See Moore v. Potter*, 141 F. App'x 803, 808 (11th Cir. 2005) (per curiam) (holding that "district court did not abuse its broad discretion" when entering stay of discovery to resolve motion to dismiss); *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) (per curiam) (citing *Clinton v. Jones*, 520 U.S. 681, 683 (1997)). The Eleventh Circuit has instructed that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Isaiah v. JPMorgan Chase Bank, N.A.*, 960 F.3d 1296, 1308–09 (11th Cir. 2020) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). "This does not[, however,] mean that discovery should be stayed as a matter of course whenever a defendant files a motion to dismiss." *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No. 7:08-CV-32(HL), 2008 WL 4544470, at *1 (M.D. Ga. Oct. 10, 2008) (citing *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). Rather, "[t]o determine whether a stay is appropriate a district court 'must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'" *Id.* (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). "In making this determination it may be helpful for the court to take a 'preliminary peek' at the merits of the dispositive motion to assess the likelihood that such motion will be granted." *Id.* (quoting *Feldman*, 176 F.R.D. at 652).

Based on the Court's preliminary review of the Complaint and the briefings submitted in connection with the Motions to Dismiss, a stay is appropriate. Defendant Shane Miller argues that Plaintiff's federal claims "must be dismissed under the doctrine of qualified immunity, or, alternatively, for failure to state a claim." (Doc. 8 at 8). Defendant Shane Miller further argues that Plaintiff's state law claims under the Georgia State Constitution should be dismissed as Plaintiff Miller "enjoys official immunity for tort claims under the Georgia Constitution." (*Id.* at 14–17). Finally, Defendant Miller argues that Plaintiff's claims for tortious interference and intentional infliction of emotional distress should be dismissed for failure to state a claim. (*Id.* at 18–19).

4

Defendant MCSD seeks to dismiss Plaintiff's federal claims for sex discrimination and retaliation in violation of Title VII, retaliation and "unlawful intentional discrimination in the making and enforcement of a contract" in violation of 42 U.S.C. §§ 1981 and 1983, and race and sex discrimination and retaliation in violation of the Equal Protection Clause of the Fourteenth Amendment through 42 U.S.C. § 1983. (Doc. 9; Doc. 1 ¶¶ 27–34). Defendant MCSD does not seek to dismiss Plaintiff's federal claim for race discrimination in violation of Title VII. (Doc. 9 at 1 n.1). Defendant MCSD also seeks dismissal of Plaintiff's state law claims for discrimination and retaliation in violation of the Equal Protection and Due Process Clauses of the Constitution of the State of Georgia, tortious interference with employment relationship in violation of Georgia law, intentional infliction of emotional distress in violation of Georgia Law, and "prospective injunctive relief for 2022, 2023, and each year thereafter . . . for reinstatement and the salary and benefits that [Plaintiff] has lost for each such year[.]".  (Doc. 9; Doc. 1 ¶¶ 35–39). Defendant MCSD argues that the subject federal claims should be dismissed for failure to state a claim. (*Id.* at 8–14). With regard to Plaintiff's claims pursuant to the Georgia State Constitution, Defendant MCSD argues that "there is no cause of action under the Equal Protection Clause of the Georgia Constitution" and that, because "Georgia law provides adequate state remedies," Plaintiff's "due process claim under the Georgia Constitution necessarily fails and must be dismissed." (*Id.* at 14–16). Finally, with regard to Plaintiff's state law claims for tortious interference and intentional infliction of emotional distress, Defendant MCSD argues that it "enjoys sovereign immunity for all tort claims, whether against [MCSD] directly or via a respondeat superior or vicarious liability theory for the acts of its agents." (Doc. 9 at 16–18).

The Motions to Dismiss involve challenges to the legal sufficiency of Plaintiff's claims, which if granted would either entirely dispose of the majority of Plaintiff's claims and "eliminate the need for such discovery" as to those claims, limiting the scope and breadth of discovery going forward. *See Arriaga-Zacarias*, 2008 WL 4544470, at *1. Moreover, Plaintiff will not suffer harm because there is no apparent danger of evidence being lost or any urgent need for immediate relief. *See, e.g.*, *Robinson v. McNeese*, No.

5:20-cv-00160-TES, 2020 WL 6081893, at *3 (M.D. Ga. Oct. 15, 2020) (finding that plaintiff suffered no harm because after considering pending motions "his claims would simply continue forward"). A stay is therefore appropriate in this action.

## II.    Motions to Defer

On May 8, 2024, Plaintiff again objected to the Motion to Stay by filing the First and Second Motions to Defer. (Docs. 13, 14). Therein, Plaintiff asserts that she "cannot adequately and fully respond to [Defendants' Motions to Dismiss] without the benefit of discovery, and this type of piecemeal litigation has the effect of wasting the precious resources and time of the Court." (Doc. 13 ¶ 3; Doc. 14 ¶ 3). Plaintiff sets forth several cases that discuss discovery requirements in relation to motions for summary judgment and argues that "defendant has filed a motion to dismiss and this motion has the same result as a motion for summary judgment." (Doc. 13-1 at 3; Doc. 14-1 at 3). In response, Defendants argue that "[i]n seeking deferral of ruling of the Motions to Dismiss, Plaintiff is essentially asking this Court to read out the federal rules (or ignore altogether) Rule 12 and what is required under *Iqbal/Twombly* to plead sufficiently a claim." (Doc. 15 at 4); *see Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

In support of her Motions, Plaintiff solely discusses cases related to discovery requirements for motions for summary judgment. (*See* Docs. 13-1, 14-1). Evaluation of motions to dismiss requires the Court to consider whether a complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). When considering a motion for summary judgment, however, the Court analyzes whether "the evidence shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1134 (11th Cir. 2020) (en banc) (quoting Fed. R. Civ. P. 56(a)). Plaintiff has provided, and the Court has found, no case law that entitles a Plaintiff to discovery prior to the Court's consideration of a motion to dismiss. The filing of a Complaint does not entitle Plaintiff to go on a fishing expedition in search of facts in support thereof. As did our Sister Court in *Jackson v. BellSouth Telecommunications*, this Court declines "to sanction a practice of

6

filing a complaint leveling serious accusations of . . . discrimination against a party, only thereafter to utilize discovery in a fishing-expedition manner, in the hopes of uncovering some evidence that could support such pejorative allegations." No. 00-7558-CIV, 2002 WL 34382751, at *6 (S.D. Fla. June 4, 2002) (citing *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) ("We will not find that a district court erred by denying a fishing expedition masquerading as discovery."));, *aff'd,* 372 F.3d 1250 (11th Cir. 2004); *Kaplan v. California Pub. Emps.' Ret. Sys.*, No. C 98-1246 CRB, 1998 WL 575095 at *6 (C.D. Cal. Sep. 3, 1998) ("Plaintiff has relied on wholly conclusory allegations at the pleading stage while hoping to find data to support his claim through discovery; such fishing expeditions are not permissible under federal discovery rules."), *aff'd*, 221 F.3d 1348 (9th Cir. 2000). As was the case in *Jackson*, here, the "Court would be hard-pressed to conclude that [Plaintiff's request] comports with fairness, commonsense, and the strictures of [Rules 8 and 10] of the Federal Rules of Civil Procedure." *Id.* Accordingly, Plaintiffs First and Second Motions to Defer (Docs. 13, 14) are **DENIED**.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Stay (Doc. 10) is **GRANTED** Discovery is **STAYED** pending the resolution of Defendants' Motions to Dismiss (Doc. 8, 9). Plaintiff's First and Second Motions to Defer (Docs. 13, 14) are **DENIED**.

**SO ORDERED**, this 16th day of August, 2024.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**